UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CRIMINAL ACTION NO. |
| VS. | ) | |
| | ) | 3:04-CR-191-G |
| LESTER JON RUSTON, | ) | |
| | ) | **ECF** |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the motion by the *pro se* petitioner Lester Jon Ruston ("Ruston") to suppress evidence. For the reasons stated herein, the motion is denied.

On October 12, 2006, this court held a bench trial on the federal crimes alleged against Ruston in the indictment. After a joint stipulation by both Ruston and the government, the court found Ruston not guilty by reason of insanity. Pursuant to 18 U.S.C. § 4243, the court ordered Ruston to be committed to the bureau of prisons for evaluation. At present, there are no pending criminal charges against Ruston in this court; at the hearing scheduled for March 27, 2007 the court will consider the only issue which remains -- whether Ruston's release would "create a substantial risk of bodily injury to another person or serious damage to the property of another due to a present mental disease or defect." 18 U.S.C. § 4243(d).

**USCA5 20**

In the instant motion to suppress evidence, Ruston moves for the court to suppress all evidence stemming from his arrest on May 22, 2004 pursuant to a warrant issued by the State of Texas. Ruston claims that the state arrest warrant contained false information and that all evidence stemming from that arrest warrant constitutes "fruit of the poison[ou]s tree" because the arrest warrant was constitutionally deficient. *See* Motion to Suppress Evidence at 2 (citing *Wong Sun v. United States*, 371 U.S. 471 (1963)).

Without addressing the constitutionality of the state arrest warrant or the merits of Ruston's request, the motion to suppress is denied for two overarching reasons. First, the criminal charge in the federal indictment that resulted in Ruston being found not guilty by reason of insanity is unrelated to the state arrest warrant complained of in this motion. Second, none of the evidence obtained as a result of that state warrant is relevant to the resolution of the only issue before the court -- whether Ruston presents a substantial risk of bodily injury to another or serious damage to the property of another due to a *present* mental disease or defect.

For the reasons stated above, the motion to suppress evidence is **DENIED**.

**SO ORDERED**.

March 28, 2007.

_____
A. JOE FISH
CHIEF JUDGE